**Elder Emiliane Garcia FUNES,
Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

**No. 03–74657.**

**Agency No. A79–584–076.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

Manuel F. Rios, III, Esq., Rios Cantor, PS, Seattle, WA, for Petitioner.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS—District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Christopher C. Fuller, DOJ—U.S. Department of Justice, Jonathan F. Potter, Office of Immigration Litigation, Washington, DC, for Respondent.

Before GOODWIN, ALARCÓN and TROTT, Circuit Judges.

### MEMORANDUM **

Elder Emiliane Garcia Funes, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' decision summarily affirming the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal and relief pursuant to the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the IJ's decision for substantial evidence. *See Gormley v. Ashcroft,* 364 F.3d 1172, 1176 (9th Cir.2004). We deny the petition.

Any harassment Funes may have suffered at the hands of his fellow elementary or middle school classmates on the basis of his ethnicity does not rise to the level of persecution. *See id.* (holding that persecution is an extreme concept that does not include every sort of treatment that our society regards as offensive); *Nagoulko v. INS,* 333 F.3d 1012, 1016–18 (9th Cir.2003) (holding applicant was teased, bothered, discriminated against and harassed based on her religious beliefs, but that it did not rise to the level of persecution). Likewise, any threats made against Funes were unspecified and unfulfilled and do not compel a finding of past persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003).

Further, Funes did not show a reasonable basis for fearing future persecution. *See Singh v. INS,* 134 F.3d 962, 966 (9th Cir.1998) (holding that an applicant must provide credible, direct and specific evidence to support a reasonable fear of persecution). Funes testified that he was harassed less frequently after his family relocated, *see Castillo v. INS,* 951 F.2d 1117, 1122 (9th Cir.1991), that his parents peacefully reside in Guatemala and that his four siblings continue to attend public school in Guatemala, *see Hakeem v. INS,* 273 F.3d 812 (9th Cir.2001).

Substantial evidence supports the IJ's denial of asylum because the evidence does not compel the conclusion that Funes has established either past persecution or a well-founded fear of future persecution. *See Hoxha,* 319 F.3d at 1182.

Because Funes failed to prove eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Al-Harbi v. INS,* 242 F.3d 882, 888–89 (9th Cir.2001).

He also failed to establish eligibility for CAT relief because he did not show it was more likely than not that he would be tortured if returned to Guatemala. *See* 8 C.F.R. § 208.16(c)(2) (2004); *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

### PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.